UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PNHC, LLC,

              Plaintiff,

     v.

GANJA, LLC, d/b/a HYDRO LAS VEGAS;
MITCHELL HOSTMEYER; JAMES
GREENWOOD; MARCIA HAGER;
SOCIAL WEALTH, LLC, dba CILI BY
DESIGN; DOES INDIVIDUALS 1-10; ROE
CORPORATIONS 1-10,

              Defendants.

Case No. 2:21-cv-00906-JCM-EJY

**ORDER**

Before the Court is Defendants Marcia Hager and Social Wealth, LLC's Emergency Motion to Stay Judgment Debtor's Examination (the "Motion").  ECF No. 39.[1]  The Court has considered the Motion and the response filed by Plaintiff.  ECF No. 41.

Defendants argue in their Motion that the Judgment Debtor Examination set to occur on December 16, 2022[2] should be stayed pending the disposition of the Motion to Set Aside Default Judgment currently before the Court (ECF No. 38).  ECF No. 39 at 8.  Defendants contend Plaintiff did not oppose staying the examination, but would not consent to a stay unless the financial records of Defendants were turned over in the interim.  *Id.* at 5.  Defendants argue their interests will be prejudiced if they are forced to turn over their financial information and sit for the examination since their potential success in the Motion to Set Aside Default Judgment may obviate the need to sit for such an examination.  *Id.* at 7.  In addition, Defendants contend the imposition of a stay on the examination slated for December 16, 2022 will not prejudice any party in interest in this case.  *Id.* at 7-8.  In response, Plaintiff avers that Defendants will suffer no harm if the Judgment Debtor

---

[1]    While there are several Defendants named in this case, for purposes of this Order, "Defendants" refers solely to Marcia Hager and Social Wealth, LLC.

[2]    The Court originally ordered the Judgment Debtor Examination to occur on December 9, 2022.  ECF No. 37 at 1.  However, the parties represent to the Court that an agreement was reached to delay the examination until December 16, 2022.  ECF No. 39 at 5, ECF No. 41 at 2.

Examination occurs prior to any decision on the Motion to Set Aside Default Judgment.  ECF No. 41 at 3.

Having considered the parties' pleadings, the Court finds no prejudice will be suffered by any interested party—including Plaintiff—if the Judgment Debtor Examination is stayed pending the resolution of Defendants' Motion to Set Aside Default Judgment.

Accordingly, IT IS HEREBY ORDERED that Defendants Marcia Hager and Social Wealth, LLC's Emergency Motion to Stay Judgment Debtor's Examination (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that Defendants, as the parties against whom a Default Judgment was entered (ECF No. 35), must maintain all records in their possession, custody, or control that are covered by this Court's Order Setting Judgment Debtor Examination of Marcia Hager.  ECF No. 37.

IT IS FURTHER ORDERED that there is to be no alteration or destruction of the documents referenced in the Court's Order Setting Judgment Debtor Examination of Marcia Hager.  ECF No. 37.

IT IS FURTHER ORDERED that if the Default Judgment entered against Defendants is not set aside and the Judgment Debtor Examination proceeds, any alteration or destruction of the documents covered under the Court's Order Setting Judgment Debtor Examination of Marcia Hager (ECF No. 37) will result in Court imposed sanctions.

IT IS FURTHER ORDERED that the phrase "present date" referenced in relation to the documents in paragraphs 1-10 of the Court's Order Setting Judgment Debtor Examination of Marcia Hager (ECF No. 37) shall now be understood be the date of the Court's order deciding the Motion to Set Aside Default Judgment.

Dated this 14th day of December, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE